IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00626-M

| | | |
|---|---|---|
| LATOYA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAKEMED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's motion to file exhibits 1–25 to her complaint under seal and without redactions. [DE-5] Plaintiff contends that these exhibits "may contain or reference confidential patient information[,]" and requests that the exhibits be sealed pursuant to Federal Rule of Civil Procedure 5.2(d) to protect the privacy of the patients whose information might be identified. [DE-5] Plaintiff notes that Defendant has consented to the relief sought by Plaintiff's motion, reserving all rights. [DE-5]

The Fourth Circuit has said:

> while a district court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests, the presumption in such cases favors public access. . . . Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. These procedures must be followed when a district court seals judicial records or documents.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks and citations omitted).

1

The court assumes *arguendo* that *Ashcraft*'s first prong is satisfied because Plaintiff's publicly-filed motion to seal served as public notice allowing interested parties the reasonable opportunity to object. However, after considering less-drastic alternatives to sealing the exhibits, the court concludes that the exhibits should not be sealed wholesale as Plaintiff requests. The exhibits are written correspondence between Plaintiff and Defendant, primarily concerning Plaintiff's job performance and disciplinary action taken by Defendant's executives. While certain of the exhibits contain information that the court considers improper for publication, including patient health information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), *see* 45 C.F.R. § 160.103 (defining protected "Health information"), the majority of the exhibits' substance is not of such a sensitive nature that the public's interest in access to court records and documents is outweighed by the need to keep the exhibits confidential. Therefore, rather than sealing the exhibits wholesale, the court concludes that the redaction of protected health information (and other redactions that Plaintiff may propose) would be a less-drastic alternative remedy whereby the court can respect the public's right to access court records and documents while restricting access to any sensitive information that Plaintiff's exhibits contain.

The court accordingly DENIES Plaintiff's motion to seal the exhibits and DIRECTS Plaintiff to submit the exhibits with proposed redactions within thirty (30) days of the date of entry of this order, along with a motion seeking leave to file the exhibits with the redactions and a memorandum explaining Plaintiff's rationale (supported by legal authority) for redacting anything other than protected health information within the meaning of HIPAA. The Clerk of Court is DIRECTED to keep the unredacted exhibits sealed on the docket until further order of this court.

SO ORDERED this the 7th day of January, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE